IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY ARTHUR FISSETTE,

                Plaintiff,

v.

JAMES DZURANDA,

                Defendant.

OPINION and ORDER

18-cv-609-jdp

---

Pro se plaintiff Gregory Fissette, an inmate at Kettle Moraine Correctional Institution, is suing James Dzuranda in his official capacity as commissioner of the Connecticut Department of Corrections. Fissette seeks an injunction ordering the Connecticut DOC to remove a decades-old arrest warrant from the National Crime Information Center (NCIC). After screening his complaint, I allowed Fissette to proceed on a claim that the Connecticut DOC was violating his Fourth Amendment rights because it did not intend to extradite him, but nonetheless left his warrant on NCIC, resulting in repeated arrests in Wisconsin without prosecution. Dkt. 11.

Six motions are before the court. First, Fissette moves for an extension of time to begin discovery. Dkt. 23. I will deny the motion. Discovery has not yet begun in this case. After the court holds a preliminary pretrial conference and sets a trial schedule, Fissette may move to adjust the schedule as necessary.

Second, Fissette moves to amend his complaint to add individual-capacity claims against eight additional defendants. Dkt. 18. I will deny the motion because Fissette does not allege facts showing that any of these defendants violated his constitutional rights.

Third, Dzuranda moves to dismiss the case because Connecticut removed the warrant from NCIC in response to Fissette's lawsuit. Dkt. 26. I will deny the motion because Dzuranda has not presented any evidence (or even asserted) that the removal of the warrant from NCIC is permanent or that Fissette's claim is moot. (Fissette also filed a "motion to strike" Dzuranda's motion to dismiss. Dkt. 33. Because I am already denying the motion to dismiss, I will also deny Fissette's motion to strike as moot.)

Fourth, Fissette renews his motion for appointment of counsel. Dkt. 34. I will deny the motion because I am not convinced that the case will be too complicated for Fissette to litigate himself.

The fifth and sixth motions are Fissette's requests for subpoenas to obtain state court documents. Dkt. 38 and Dkt. 40. I will deny the motions as premature because discovery has not yet started in this case.

ANALYSIS

A. Motion to amend

Fissette is proceeding on an official-capacity claim against Dzuranda, challenging Connecticut's policy of leaving warrants on NCIC without an intention to extradite the person after arrest. Dkt. 11. Fissette previously sought to amend his complaint to add claims for money damages against Dzuranda, but I denied the motion because official-capacity claims are limited to injunctive or declaratory relief. Dkt. 21. I explained to Fissette that to obtain compensatory or punitive damages, Fissette must sue a defendant in his or her individual capacity, and that to bring an individual-capacity claim, Fissette must name a defendant (1) who was personally involved in the decision to leave his warrant on NCIC and not extradite

2

him; or (2) who was aware of the policy to leave warrants on NCIC without an intention to extradite, had the power to change that policy, and was aware that the policy led to constitutional violations, but chose to leave it in place anyway. I gave Fissette a short amount of time to supplement his complaint with additional allegations.

Fissette now names eight defendants who, along with Dzuranda, he says were personally involved in the violation of his constitutional rights: Joseph Haggan, Eric Ellison, Frank Vieira, J. Colavolpe, George Byrd, Dan Bennett, Mark Sarsfield, and Robin Flanagan.

Fissette's supplement is difficult to understand, but I take him to be arguing that these defendants were personally involved because, at various times, they signed documents asking Wisconsin officials to hold Fissette for extradition to Connecticut. *See* Dkt. 10-1, at 70–79. But requests for extradition do not violate the Fourth Amendment. Rather, Fissette's rights were violated by Connecticut's policy *not* to extradite him, which resulted in an unreasonable number of arrests and releases without prosecution. If Connecticut had actually extradited Fissette, as he says these individual defendants requested, then there would be no constitutional violation. Fissette does not say who made the decision not to extradite him, or whether it was the same person who decided to keep his name listed on NCIC.

Fissette also reasserts his claim for denial of due process in violation of the Fourteenth Amendment. But I already dismissed this claim in my original screening order. Dkt. 11, at 5. As I previously explained, Fissette can litigate his due process claim by returning to Connecticut and challenging his probation revocation in Connecticut state court, but he cannot bring this claim in federal court while his state probation revocation is still pending.

## B. Motion to dismiss

Dzuranda moves to dismiss the case because Connecticut has removed Fissette's warrant from NCIC. He says that because there is no other relief is available to Fissette, the court should dismiss the complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. But Fissette stated a claim when he filed the complaint; Connecticut removed the warrant from NCIC only after Fissette initiated this lawsuit. So Dzuranda's argument is really that Fissette's claim has been mooted, which would make his motion a motion to dismiss under Rule 12(b)(1) for lack of jurisdiction. *Chicago Joe's Tea Room, LLC v. Vill. of Broadview*, 894 F.3d 807, 814 (7th Cir. 2018).

I will deny the motion. "The general rule is that voluntary cessation of a challenged practice rarely moots a federal case." *Pleasureland Museum, Inc. v. Beutter*, 288 F.3d 988, 999 (7th Cir. 2002) (citing *Friends of Earth, Inc. v. Laidlaw Env. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). A case may become moot if events make it "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Freedom From Religion Found., Inc. v. Concord Cmty. Sch.*, 885 F.3d 1038, 1051 (7th Cir. 2018) (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968)). But Dzuranda, as the party asserting mootness, has the burden to prove that this is the case, and he has not done so here. *Id.*

There is no evidence that Fissette's removal from NCIC is permanent. Dzuranda submits an affidavit from Frank Vieira, an employee at the Connecticut DOC, but Vieira says only that Fissette's file was marked as "non-extraditable" and "will not appear in NCIC." Dkt. 28, ¶ 8. The affidavit does not explain whether Fissette's warrant will be placed back on

NCIC in the future or what the procedure is for determining whether to place his warrant back on NCIC.

To be clear, Fissette's claim would be moot if the warrant's removal from NCIC were permanent. As I explained in my original screening order, I cannot order Connecticut to cancel the warrant or promise not to prosecute Fissette in the future. If Fissette wins his lawsuit, the only relief he is entitled to is removal of his warrant from NCIC. The warrant will still remain active and in Connecticut's records.

**C. Recruitment of counsel**

Fissette renews his motion for court-appointed counsel. Dkt. 34. But as I explained in my previous order, Dkt. 16, litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 654, 656 (7th Cir. 2007) (en banc). Before recruiting counsel, this court generally requires that pro se plaintiffs: (1) provide the names and addresses of at least three lawyers who decline to represent them in the case; and (2) demonstrate that theirs is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds their demonstrated ability to prosecute it. *Pruitt*, 503 F.3d at 655; *see also Young v. Cramer*, No.13-cv-77, 2013 WL 5504480, at *2 (W.D. Wis. Oct. 3, 2013).

I denied Fissette's previous motion because I concluded that he had not satisfied either requirement. He has now satisfied the first requirement because he submitted copies of nine letters that he sent to lawyers asking them to represent him. But I will deny the motion because I am still not convinced that this case will be too complex for Fissette to litigate on his own.

Fissette's case is relatively simple. I have allowed Fissette to proceed on only one claim: injunctive relief to remove his warrant from NCIC. Dzuranda has expressed a willingness to grant this relief and Connecticut has already removed the warrant. If the parties can work out a settlement that ensures that Connecticut does not place the warrant back on NCIC, then Fissette will not need a lawyer to litigate the case.

If the parties are unable to work out an agreement, and if Fissette continues to believe that he is unable to litigate the lawsuit himself, then he may renew his motion. But he will have to explain what specific litigation tasks he cannot perform. If Fissette merely finds it difficult to meet a specific court deadline, then he should write the court about that and seek an extension of that deadline.

The court will soon hold a preliminary pretrial conference, after which Fissette will receive a packet with general instructions about how to litigate his case. Fissette should read the packet carefully, as it will answer most of his questions about how to proceed.

**D. Motions for subpoenas**

Fissette asks the court to issue subpoenas to defense counsel and several third parties, ordering them to produce documents related to Connecticut's extradition requests and Fissette's prior habeas proceedings. Dkt. 38 and Dkt. 40.

I will deny the motions. Fissette's request is premature; the court has not yet held a preliminary pretrial conference or opened discovery, the phase of the case in which parties may request the production of documents. It is too early for Fissette to ask for subpoenas.

Once discovery begins, Fissette may find it easier to use discovery requests to ask defense counsel to produce documents. He does not need to subpoena Dzuranda or Dzuranda's lawyer to get documents that are relevant to his claim; he can simply request them. The packet

that Fissette receives after the preliminary pretrial conference will explain how discovery works and how Fissette can file discovery requests.

Defense counsel should be able to provide everything Fissette needs to litigate this case. But if Fissette finds that he needs information that is available only from third parties, he may renew his requests to issue subpoenas to third parties.

ORDER

IT IS ORDERED that:

1. Plaintiff Gregory Fissette's motion to stay discovery, Dkt. 23, is DENIED.
2. Plaintiff's motion to amend complaint, Dkt. 18, is DENIED.
3. Defendant James Dzuranda's motion to dismiss, Dkt. 26, is DENIED.
4. Plaintiff's motion to strike Dzuranda's motion to dismiss, Dkt. 33, is DENIED.
5. Plaintiff's motion for appointment of counsel, Dkt. 34, is DENIED.
6. Plaintiff's motions to issue subpoenas, Dkt. 38 and Dkt. 40, are DENIED.

Entered July 23, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge